867 F.2d 616
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Robert J. IMBROGNO, Petitioner,
v.
DEFENSE LOGISTICS AGENCY, Respondent.
 No. 88-3280.
 United States Court of Appeals, Federal Circuit.
 Jan. 25, 1989.
 
 Before EDWARD S. SMITH, PAULINE NEWMAN and MICHEL, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 DECISION
 
 1
 Robert J. Imbrogno petitions for review of the decision of the Merit Systems Protection Board (Board) in Docket Number PH07528710628, affirming his removal for soliciting and accepting a gratuity from a government contractor. We affirm.
 
 OPINION
 
 2
 Mr. Imbrogno challenges the decision of the Administrative Judge (AJ), which credited the testimony of two witnesses who themselves had admitted culpability. Credibility determinations of witnesses, made by the official who hears the testimony and observes the demeanor of the witnesses, are virtually unreviewable by this court. Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986). This case turns on these credibility determinations. The testimony of the witnesses testifying against Mr. Imbrogno is not inherently incredible. Thus, we can not base a reversal on the aspect of credibility.
 
 
 3
 Petitioner argues that the AJ failed to comment on or summarize all the evidence presented to him, and that the proposing and deciding officials were biased in their decisions on his removal and merely rubber-stamped a decision to remove him previously made by a Defense Logistics Agency investigative Task Force. The AJ need not discuss every piece of evidence in order to show that it was considered, in the litigation of the entire issue before the AJ. See Medtronic, Inc. v. Daig Corp., 789 F.2d 903, 906 (Fed.Cir.1986). Mr. Imbrogno has not met the burden imposed on him by 5 U.S.C. Sec. 7703(c).
 
 
 4
 Petitioner also argues that removal was an improper penalty, too harsh for this offense, under the applicable table of penalties. The government correctly states that the 1974 table does not bar the penalty here imposed for this offense. The Board did not exceed its discretionary authority in affirming the penalty of removal. Miguel v. Department of the Army, 727 F.2d 1081, 1083 (Fed.Cir.1984) (court will defer to agency's choice of penalty unless its severity is totally unwarranted in light of relevant factors).